# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 40338

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 615 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: August 5, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STACE VANCE JORGENSEN, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Jon J. Shindurling, District Judge.

Order revoking probation and requiring execution of unified five-year sentence with one and one-half-year determinate term for felony possession of a controlled substance, affirmed.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Daphne J. Huang, Deputy Attorney General, Boise, for respondent.

———————————————

Before GUTIERREZ, Chief Judge; GRATTON, Judge;
and MELANSON, Judge

———————————————

PER CURIAM

Stace Vance Jorgensen pled guilty to felony possession of a controlled substance. Idaho Code § 37-2732(c)(1). The district court imposed a unified five-year sentence with a one and one-half-year determinate term, but suspended the sentence and placed Jorgensen on probation. Subsequently, Jorgensen admitted to violating several terms of the probation, and the district court consequently revoked probation and ordered execution of the original sentence, but retained jurisdiction. Following the period of retained jurisdiction, the district court again suspended Jorgensen's sentence and placed him on probation. Several months later, Jorgensen violated his probation and absconded. Jorgensen admitted to violating his probation and

1

absconding from supervision. Once again the district court extended probation. Jorgensen later admitted to violating his probation for a third time and the district again revoked his probation and retained jurisdiction. Following the second period of retained jurisdiction, Jorgensen was once again placed on probation. After Jorgensen admitted to violating his probation a fourth time, the district court executed the previously imposed sentence. Jorgensen appeals, contending that the district court abused its discretion in revoking probation or, alternatively, by not sua sponte reducing his sentence upon revoking his probation. Jorgensen also asserts that the Idaho Supreme Court denied him due process and equal protection by denying his motion to augment the record on appeal.

Jorgensen asks this Court to hold that the Idaho Supreme Court deprived him of due process and equal protection when it denied his motion to augment the record. We do not, however, have the authority to review and, in effect, reverse an Idaho Supreme Court decision on a motion made prior to assignment of the case to this Court on the ground that the Supreme Court decision was contrary to the state or federal constitutions or other law. *See State v. Morgan*, 153 Idaho 618, 620, 288 P.3d 835, 837 (Ct. App. 2012). Such an undertaking would be tantamount to the Court of Appeals entertaining an appeal from an Idaho Supreme Court decision and is plainly beyond the purview of this Court. *Id.* If a motion is renewed by the movant and new information or a new or expanded basis for the motion is presented to this Court that was not presented to the Supreme Court, we deem it within the authority of this Court to evaluate and rule on the renewed motion in the exercise of our responsibility to address all aspects of an appeal from the time of assignment to this Court. *Id.* Such may occur if the appellant's or respondent's briefs have refined, clarified, or expanded issues on appeal in such a way as to demonstrate the need for additional records or transcripts, or where new evidence is presented to support a renewed motion. *Id.*

On July 11, 2013, Jorgensen filed a renewed motion to augment the record with this Court and on July 24, 2013, this Court denied that motion.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation, a court must examine whether the probation

is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. *State v. Urrabazo*, 150 Idaho 158, 162, 244 P.3d 1244, 1248 (2010). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court that are properly made part of the record on appeal and are relevant to the defendant's contention that the trial court should have reduced the sentence sua sponte upon revocation of probation. *Id.*

Sentencing is also a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of the probation. *Id.*

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion either in revoking probation or in ordering execution of Jorgensen's original sentence without modification. Therefore, the order revoking probation and directing execution of Jorgensen's previously suspended sentence is affirmed.